[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiffs filed a motion for summary judgment dated May 21, 1992. They attached a memorandum of law, a copy of their requests for admissions and an affidavit of Attorney Andrew Brand.
On July 20, 1992, after a hearing, the Honorable Seymour L. Hendel granted the plaintiffs' motion for summary CT Page 11827 judgment. Counsel for the plaintiffs was present, but counsel for the defendant was not.
On July 29, 1992, the defendant filed a motion to set aside the order granting summary judgment. In the presence of both counsel that motion was granted.
On December 14, 1992, after defendant filed a document entitled "Argument in Support of Denial of Summary Judgment", the court heard oral argument on the motion for summary judgment.
The court finds that the plaintiffs performed legal work for the defendant and submitted a bill for payment. Despite a demand for payment there remains an outstanding balance.
The plaintiffs filed a request for admission on the defendant on February 20, 1992. Although the responses are dated March 10, 1992, they were not received by the plaintiffs until April 10, 1992. The envelope is date stamped by the Post Office April 8, 1992.
Practice Book 237-239 states that, unless there is a written answer filed within thirty days after filing of the notice, each matter of which an admission is requested is deemed admitted. Since the answers were not filed within thirty days the court must find that the defendant admits each paragraph of the request for admissions.
Furthermore, plaintiffs filed an affidavit stating their claims of fact. The defendant did not file a counter affidavit.
Because of the foregoing the court finds that there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The motion for summary judgment is granted.
The court hereby enters judgment for the plaintiffs in the amount of $56,053.11 plus interest in the amount of $4,017.06 through December 14, 1989 and continuing to accrue at a per diem rate of $15.36.
Hurley, J. CT Page 11828